IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| JAMES A. DAVIS | § | |
| | § | |
| VS. | § | NO. |
| | § | |
| WAL-MART STORES OF TEXAS LLC | § | |

*** TRIAL BY JURY DEMAND***

**PLAINTIFF'S ORIGINAL COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT**:

**COMES NOW, JAMES A. DAVIS**, Plaintiff, in the above entitled and numbered cause and for cause of action would show the following:

1. Plaintiff is an individual residing in Brazoria County, Texas. Plaintiff's address is 612 Marshall Rd. Angleton, Texas 77515.

2. Defendant is a limited liability Deleware corporation, a wholly owned subsidiary of Wal-Mart Stores, Inc. whose principal place of business is 702 S.W 8th Street, Bentonville, Arkansas 72716-8611. Wal-Mart may be served with citation by serving its registered agent for service, C.T.Corp. , 350 North St. Paul Street, Dallas, Texas 75201.

3. The court has jurisdiction of this cause pursuant to diversity of citizenship as the Plaintiff is from Texas and Wal-Mart is incorporated in the State of Delaware, with its principal place of business in Bentonville, Arkansas.

4. Venue is proper in this Court pursuant to 28 U.S.C.A. § 1391(a), as the events regarding the termination of the Plaintiff occurred in Brazoria County, Texas

6. Plaintiff brings this action pursuant to the Americans with Disabilities Act , 42 U.S.C.A. §§ 12101 et seq., Title VII of the Civil Rights Act of 1964 on the basis

of sex and gender; Discrimination on the basis of religion as contained in the United States Constitution, First Amendment.  Plaintiff further brings a cause of action for retaliation for having complained about discrimination in the foregoing areas, as well as for having previously filed a complaint against Wal-Mart when formerly employed there and for sustaining a work related injury in violated to the Texas Labor Code.

7. Plaintiff timely filed a complaint with the Equal Employment Opportunity Commission on or about October 24,2015 .   The EEOC issued its Right to Sue Letter on December 13, 2016.  (See Exhibit s A & B, attached and incorporated by reference, the same as if fully copied and set forth herein).

8. The amount in controversy exceeds the jurisdictional amount of $75,000.00

9. The court has jurisdiction of this cause pursuant to Title VI of the Civil Rights Act of 1964 at  42 of the United States Code, section 2000e et seq and 102 of the Civil Rights Act which provide for the recovery of compensatory and punitive damages in cases of intentional violations of Title VII.

10. Plaintiff worked in the Toy Department of the Angleton Wal-Mart Store. During Plaintiff's first several months of employment, Plaintiff was frequently called in on his days off, particularly Sunday.  Plaintiff had requested that he if placed on the schedule, that he be placed on the schedule after 2:00 p.m., as he attended church on the mornings and choir rehearsal on Thursday nights.  Plaintiff was forced to give up the choir, because he was frequently scheduled during this time.  At the urging of his parent, Plaintiff formally submitted the request in writing, due to the frequent calls he received while in church.

11. In or around March, 2015, Plaintiff requested a transfer to a store in Austin, Texas where he planned to move to begin college classes, with the effective date of June 15, 2015.  Upon being granted the transfer, Plaintiff was given a write-up. According to the "alleged policy" of Wal-Mart, an employee is prohibited from transfer upon receiving a write-up.  Plaintiff contends that the write-up was given to keep him from transferring and to block his educational opportunities.

12. On June 20, 2015, Plaintiff received a write-up for insubordination.  Plaintiff contends that he was not insubordinate.  Rather, he was instructed to unload a truck.  He told the supervisor, Joseph Smith that it was time for his lunch break. Plaintiff had been admonished by Wal-Mart before for failing to take breaks at

the appropriate time and was told that failure to take a break or take a lunch was violation of the Fair Labor Standards or contrary to the work rules of Wal-Mart. Plaintiff simply informed the supervisor that he had to go to lunch according to the policy because he had gotten in trouble for working through break time and lunch time. Therefore, Plaintiff refused to sign the sheet indicating that he was insubordinate, as he was following a previous directive.. (See Exhibit C, attached and incorporated by reference, the same as if fully copied and set forth herein.)

13. On the same day, Plaintiff submitted a request for accommodation to his store manager, Hirtha Bailey requesting transfer to cashier due to his disabling condition, Attention Deficit Hyperactivity Disorder. Same is a disabling condition which substantially limits a major life activity- concentrating and thinking under 42 U.S.C §12102 (1) and (2) or is regarded as having same according to his employer in questioning is affect on the major life activity of work.

   Plaintiff was given several write-ups for failing to "zone" properly. The process of zoning requires particular attention to detail in moving items to the front of the shelves and keeping his area free of toys. Plaintiff attributed same to his condition and advised the store manager of same, requesting an accommodation to be placed in another area. (See Exhibit C, attached and incorporated by reference, the same as if fully copied and set forth herein). Same was denied in violation of the Americans with Disabilities Act.

14. Plaintiff submitted these documents to Smith, along with a sheet to sign acknowledging receipt of complaints to the store manager, Hirtha Bailey, however, Smith refused to sign same. ( (See Exhibit C, attached and incorporated by reference, the same as if fully copied and set forth herein.)

15. Subsequently, Plaintiff submitted a request for a change in hours due to returning to college. Assistant store manager Joseph Smith discussed the matter with him and denied the request. Plaintiff submitted a response in writing to Smith attached as Exhibit D and incorporated by reference, the same as if fully copied and set forth herein. Smith then cut Plaintiff's hours.

16. Due to the drastic cut in hours, Plaintiff requested a transfer to the West Columbia store. Smith granted the request, but within an hour of the verbal grant, Smith had Nelda Gragert terminate Plaintiff, thereby making it impossible for Plaintiff to transfer.

17. Plaintiff was told that his termination was due to excessive absenteeism, which Plaintiff denied.  In addition to requesting verification of same, Plaintiff contended that his department supervisor, Angel Delgado had excessive absenteesim.  Additionally, she left the job and subsequently returned.  Moreover, she took leave for matters unrelated to her pregnancy.

    In spite of excessive absenteeism, Delgado was promoted, although Plaintiff carried the load of the department; was allowed to sit in the office and do nothing and was given a salary increase.  Plaintiff contends that he was discriminated against on the sex, in that he was treated differently from Angel and terminated from employment, allegedly due to his absences, though Angel was absent far more than Plaintiff.

    Plaintiff was told that her absenteeism was due to her pregnancy.  Plaintiff that same is discriminatory on the basis of sex and gender.

18. Plaintiff further contends that he was discriminated against for having had an on the job injury, in which he hurt his foot badly with a piece of Wal-Mart equipment (a pallet).  Though Plaintiff showed the injury to the night supervisor, he was not provided any information regarding seeing a physician or how to file for worker's compensation.  He was forced to work with said injury.

19. Additionally, Plaintiff had filed a complaint against the Lake Jackson Wal-Mart for gender discrimination in or around 2014.  Plaintiff submitted said complaints through the Wal-Mart EEO program and retained counsel.  However, Wal-Mart never responded to his complaint.

20. As a result of the wrongful termination by  Defendant, Plaintiff was unemployed for a period of seven months intermittently thereafter resulting in loss wages in the approximate amount of $ 7560.00.  The time between his employment at the Lake Jackson Wal-Mart and the Angleton Wal-Mart, Plaintiff lost wages in the approximate amount of $12480.00.  Plaintiff left said job due to discrimination on the basis of sex by a female supervisor.

21. Plaintiff was unable to further his education at that time because he had no means of paying tuition and fees.  Consequently, he is two years behind in his studies.  He has lost valuable educational time in an amount which may not be easily calculated.

22. Plaintiff has further suffered humiliation and embarrassment due to said job loss . Plaintiff has suffered past pain and suffering in an amount no less than $250,000.00.

23. Plaintiff is expected to incur pain and suffering in the future and estimates same to be valued at an amount of $250,000.00.

24. It was necessary to obtain the services of legal counsel.  Therefore, Plaintiff seeks attorney's fees pursuant to the Attorney's Fee Award Act of 1988.

## PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED**, Plaintiff prays for judgment as follows :

1. That Court grant full back pay to the Plaintiff;

2. That the Court grant compensatory damages for violations of the foregoing statutes.

3. That the Court grant Plaintiff  damages for the humiliation, emotional distress, and other damages caused by Defendants' conduct;

4. That the Court grant Plaintiff punitive damages for Defendants' malicious and recklessly indifferent conduct;

5. That the Court grant Plaintiff all employment benefits she would have enjoyed had she not been discriminated and retaliated against;

6. That the Court grant Plaintiff expenses of litigation, including reasonable attorneys' fees, pursuant to the Title VII, and/or 42 U.S.C. § 1988;

7. That the Court grant Plaintiff a jury trial;

8. That the Court grant Plaintiff all such other and further relief the Court deems just and proper.

Respectfully submitted,

/s/ Veronica L. Davis
Veronica L. Davis
226 N. Mattson
West Columbia, Texas 77486
(979) 345-2953
vld57atal@yahoo.com