UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JAMES A DAVIS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:17-CV-82 |
| | § | |
| WAL-MART STORES TEXAS, L.L.C., | § | |
| | § | |
| Defendant. | § | |

**ORDER IMPOSING SANCTIONS
FOR FAILURE TO ATTEND DOCKET CALL**

On August 10, 2018, the Court held docket call in this matter to (1) allow the parties to announce ready and (2) review with the parties its rules governing trial. The Court accomplished neither of these objectives because, without any warning or explanation, Plaintiff's counsel failed to attend. This was not a mere oversight. More than two weeks before docket call, the Court held a hearing in which Plaintiff asked that the August 10 docket call be moved. The Court denied the request and ordered the parties to appear on August 10. To this date, Plaintiff's counsel has failed to offer any explanation as to why she ignored the Court's order to appear at docket call. This conduct is completely unacceptable. Based on Plaintiff's counsel's conduct, and the fact that Defendant's counsel incurred expenses traveling from Virginia to attend docket call, the Court now *sua sponte* awards sanctions against Plaintiff's counsel.

**FACTUAL AND PROCEDURAL BACKGROUND**

This case was set for docket call at 9:30 a.m. on August 10, 2018. Prior to that date, Ms. Veronica L. Davis, counsel for plaintiff, filed an Unopposed Motion to Reset

Docket Call and JPO. (#39). In the motion, Ms. Davis represented that she was set for a bench trial in Brazoria County Court of Law No. 4 at 1:30 p.m. on August 10. Ms. Davis stated that she also had a brief due on August 10 in a case pending before the Texas First Court of Appeals. Ms. Davis represented to the Court that "[b]oth of these matters were set prior to this Honorable Court changing the docket call date."[1]

In support of the motion, Ms. Davis attached two exhibits: Exhibits A and B. Exhibit A purported to be a single electronic calendar entry from a case pending before the First Court of Appeals indicating that the appellant's brief was due on August 10, 2018. Exhibit B purported to be an order from Brazoria County Court of Law No. 4 that had been extensively edited by hand, setting a case for trial at 1:30 p.m. on August 10, 2018. However, without any explanation, *Ms. Davis had redacted the styles of the cases referred to in the exhibits.*[2] Accordingly, the Court reviewed the First Court of Appeals online calendar and contacted Brazoria County Court of Law No. 4 to verify the representations made by Ms. Davis in the motion.

A hearing was held on July 23, 2018, and the Court denied the motion to reset the docket call. The Court explained to Ms. Davis that (1) due to the Court's trial docket, the docket call would not be rescheduled; and (2) the docket call would only last for approximately 30 minutes. The Court also explained to Ms. Davis that she would not be picking a jury on August 10 and that at docket call the parties would announce ready and the Court would review the rules governing the trial with the parties. The Court informed

---

[1] Docket call had originally been scheduled for August 7, 2018.

[2] *See* Exhibit 1 attached.

Ms. Davis that docket call would start promptly at 9:30 a.m., so she would not be late for any hearings she may have later that afternoon.

The Court also told Ms. Davis that it had spoken to the deputy clerk of Brazoria County Court of Law No. 4, who informed the Court that—contrary to Ms. Davis's representations—Ms. Davis's case was set for a bench trial on August 13, 2018, at 1:30 p.m., not August 10.[3]

The Court also told Ms. Davis that it had reviewed the complete online calendar for the appellate case referenced in her motion. The calendar revealed that the appellate brief deadline had not been "set prior to his Honorable Court changing the docket call date" as she had represented; it was actually entered on the same day as the Court's order resetting docket call.[4] The Court also commented on the fact that the calendar revealed that Ms. Davis's appellate brief would have already been on file for about a month but for the fact that Ms. Davis did not timely pay for appellate records as required by the First Court of Appeals.[5] The Court also generally expressed its belief that Ms. Davis should be able to work a short 30-minute docket call into her schedule, given that at the time of the July 23 hearing, her appellate brief deadline was still over two weeks away.

---

[3] This fact was confirmed by the County Court's electronic docket sheet. *See* Exhibit 2 attached, which is the electronic docket sheet for Cause No. C154868; *Rhame v. Pena*, Brazoria County Court of Law No. 4. The clerk said that the presiding judge would be happy to speak to the Court about this matter at the Court's convenience. When the Court offered to call the presiding judge to clear up the issue, Ms. Davis insisted that this was not necessary.

[4] *See* Exhibit 3 attached, which contains two orders: the order of the First Court of Appeals of Texas setting the deadline for Ms. Davis's appellate brief and this Court's order resetting docket call in this case. Both orders were entered on July 11, 2018.

[5] *See* Exhibit 4 attached, which is the docket sheet for Case Number 01-18-00363-CV in the First Court of Appeals of Texas.

At the close of the hearing, Ms. Gatling, counsel for defendant, informed Ms. Davis and the Court that she was coming from Virginia for docket call and would have to fly to Texas on August 9 and spend the night in Galveston in order to timely attend.

## DOCKET CALL

At 1:21p.m. on August 9, 2018, the day before the docket call, Ms. Davis filed a motion to recuse the undersigned from presiding over this case. (#58). At approximately 8:00 p.m. that evening, Ms. Davis filed an amended motion for recusal. (#59). *On their face, neither motion complied with the mandates of a motion for recusal under 28 U.S.C. § 144*.

On August 10, 2018, at approximately 8:30 a.m., Davis filed an amended certificate of service of her motion. (#60). At approximately 9:10 a.m., just 20 minutes before docket call was set to begin, Ms. Davis electronically filed a certificate and affidavit attesting that the motion for recusal was not filed in bad faith. (#61). However, Ms. Davis made no attempt to inform either the Court or defense counsel that she was not going to attend docket call.

Docket call began promptly at 9:30 a.m. on August 10, 2018. Ms. Gatling was present but Ms. Davis did not appear. To give Ms. Davis the opportunity to appear, the Court postponed the hearing for 30 minutes. At 10:00 a.m. the Court again called the case and Ms. Davis was still not present. As of today, Ms. Davis has made no effort whatsoever to contact the Court regarding this case.

## ANALYSIS

A district court may *sua sponte* levy sanctions, up to and including dismissal of the case, for the failure of a plaintiff to prosecute or to comply with any order of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962). Even if the record clearly shows dilatory or contumacious conduct on the plaintiff's part, however, dismissal of the case should not be employed as a sanction unless lesser sanctions would not serve the best interests of justice. *Bullard v. Burlington Northern Santa Fe Ry. Co.*, 368 F. App'x 574, 581–82 (5th Cir. 2010); *see also Rogers v. Kroger Co.*, 669 F.2d 317, 320 (5th Cir. 1982).

The case law defines "contumacious conduct" as a "stubborn resistance to authority." *Bullard*, 368 F. App'x at 581 (quotation marks omitted); *see also McNeal v. Papasan*, 842 F.2d 787, 792 (5th Cir. 1988). Ms. Davis's conduct, without question, rises to a level of contumaciousness that justifies sanctions. The Court finds that Ms. Davis knowingly and without any reasonable or credible explanation violated the Court's order to appear at docket call.[6] In light of the record, it is beyond peradventure that Ms. Davis

---

[6] It has long been established that the mere filing of a motion to recuse does not end a district judge's involvement of a case. As one leading treatise on federal procedure states:

> On its face [28 U.S.C. § 144] appears to require automatic disqualification upon filing of a proper affidavit. It has not been read this way. Instead, courts have held that the judge has not only the right but the duty to examine the affidavit and certificate to determine whether they are timely and legally sufficient. The affidavit and certificate are strictly construed against the party seeking disqualification. Only if the documents meet this strict scrutiny does recusal become mandatory.

3 CHARLES A. WRIGHT ET AL., FED. PRAC. & PROC. § 3551 (3d ed.) (footnotes omitted).

has abused the judicial process in this case. However, the Court is mindful that the sanctions awarded should be proportionate to the offense, so the Court will not dismiss this lawsuit at this time. Instead, the Court orders Ms. Davis to pay all of defense counsel's expenses for coming to Texas and appearing at the docket call which Ms. Davis chose to ignore. *Bullard*, 368 F. App'x at 581–82 (explaining that, even if the record clearly shows contumacious conduct by the plaintiff, a dismissal with prejudice for failure to comply with a district court's order will only be affirmed where a lesser sanction would not serve the best interests of justice). Defense counsel is **ORDERED** to submit evidence of the defendant's expenses stemming from the August 10, 2018 hearing by **September 7, 2018**.

The Court is mindful that Ms. Davis is a solo practitioner and that immediate payment of this sanction could impede her ability to bring this case to trial. In order to avoid creating such an impediment, the Court will allow Ms. Davis to pay the sanction **up to seven days after** the jury has rendered a verdict. If there is no jury verdict in this case, Ms. Davis may pay the sanction **up to seven days after** the case has been dismissed or a final judgment has otherwise been rendered.

SIGNED at Galveston, Texas, this 30th day of August, 2018.

_____
George C. Hanks Jr.
United States District Judge