United States District Court
Southern District of Texas
**ENTERED**
August 30, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JAMES A DAVIS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:17-CV-82 |
| | § | |
| WAL-MART STORES TEXAS, L.L.C., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff's Amended Motion to Recuse ("the Motion") pursuant to 28 U.S.C. § 144. (#59) After consideration of the Motion, its affidavit, and the applicable law, the Motion is DENIED

### I. PROCEDURAL BACKGROUND

This lawsuit was filed in March 2016 and set for docket call on August 10, 2018, at 9:30 a.m. On July 23, 2018, after hearing Plaintiff's arguments, the Court denied Plaintiff's motion to reset the docket call. On August 9, 2018, at 1:21 p.m., Plaintiff filed a motion to recuse the undersigned judge from presiding over this case. At approximately 8:00 p.m. that evening, Plaintiff filed his Amended Motion to Recuse. Plaintiff did not attach an affidavit signed by him or a certificate of good faith signed by his counsel, Ms. Veronica L. Davis, to either motion. On August 10, 2018, at approximately 9:10 a.m., just 20 minutes before docket call was set to begin, Plaintiff filed a certificate and affidavit, signed by Ms. Davis attesting that the Motion was not filed in bad faith. ("Affidavit")(#61). Without notice to either opposing counsel or the Court, Ms. Davis

failed to appear at docket call. For the reasons set forth below, the Court finds that the Motion should be denied. Specifically, the Court finds that Plaintiff failed to comply with the mandates of section 144 and, on its face, the Affidavit is legally insufficient to require recusal and is untimely. The Court also finds that the Motion was filed in bad faith and for the improper purpose of delaying the trial.

## II.     APPLICABLE LEGAL STANDARD

Plaintiff relies on 28 U.S.C. § 144 in support of his requested relief. Section 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144. Pursuant to section 144, a judge must only reassign a case to another judge "when a party makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." *United States v. Scroggins*, 485 F.3d 824, 829 n.19 (5th Cir.), *cert. denied*, 552 U.S. 932 (2007) (internal quotations omitted).

The mere filing of a motion and affidavit under section 144 does not mandate recusal. While the language of section 144 appears to require immediate reassignment, it

is the presiding judge's duty in the first instance to assess the timeliness and legal sufficiency of the affidavit:

> On its face [section 144] appears to require automatic disqualification upon filing of a proper affidavit. It has not been read this way. Instead, courts have held that the judge has not only the right but the duty to examine the affidavit and certificate to determine whether they are timely and legally sufficient. The affidavit and certificate are strictly construed against the party seeking disqualification. Only if the documents meet this strict scrutiny does recusal become mandatory.

CHARLES A. WRIGHT ET AL., FED. PRAC. & PROC. § 3551 (3d ed.) (footnotes omitted). A motion to recuse must be strictly construed for form, timeliness, and sufficiency in order to guard against the danger of frivolous attacks to the orderly process of justice. *See United States v. Womak*, 454 F.2d 1337, 1341 (5th Cir. 1972); *Traveler's Ins. Co. v. Liljeberg Enter., Inc.*, 38 F.3d 1404, 1410–1411 (5th Cir. 1996). The determination of the legal sufficiency of the affidavit is a matter addressed to the sound discretion of the trial court. *See United States v. Harrelson*, 754 F.2d 1153, 1165 (5th Cir. 1985); *Davis v. Bd. of Sch. Comm'rs*, 517 F.2d 1044, 1052 (5th Cir. 1975), *cert. denied*, 425 U.S. 944 (1976).

## III.   ANALYSIS

### A.   The Affidavit Does Not Comply with the Statutory Requirements of Section 144

In support of the amended motion to recuse, Plaintiff has submitted an affidavit signed by his attorney, Ms. Davis. It is well established that affidavits submitted and signed by a party's attorney are legally insufficient to support a motion to recuse because the plain language of section 144 provides for disqualification "[w]henever a *party* to any proceeding in a district court makes and files a timely and sufficient affidavit."   § 144

(emphasis added). *See, e.g., Pomeroy v. Merritt Plaza Nursing Home, Inc.*, 760 F.2d 654, 658–59 (5th Cir. 1985) ("A court may not grant relief under § 144 if a party's counsel instead of the party executes an affidavit alleging personal bias or prejudice."); *Roberts v. Bailar*, 625 F.2d 125, 128 (6th Cir. 1980) (finding that motion to recuse under section 144 was "invalid . . . from the time that it was filed" where "plaintiff's counsel, not plaintiff, signed and filed the affidavit that accompanied the motion"); *United States ex. rel. Wilson v. Coughlin*, 472 F.2d 100, 104 (7th Cir. 1973) (finding section 144 motion insufficient where "[t]he motion was supported by an affidavit of one of the attorneys for respondent rather than the affidavit of a 'party' as required by the statute"); *Giebe v. Pence*, 431 F.2d 942, 943 (9th Cir. 1970) (per curiam) (explaining explicit language of section 144 requires party to file affidavit and affidavit by attorney is not sufficient). Based on the plain language of section 144, and the overwhelming consensus among the federal courts that an attorney's affidavit in support of a motion to disqualify does not satisfy section 144, the Court finds that Plaintiff's motion to recuse, which is supported only by his attorney's affidavit, can be denied on this basis alone. *See Telles v. City of El Paso*, 164 F. App'x 492, 497 (5th Cir. 2006) ("In this case, Telles's attorney attached a signed affidavit, but because an affidavit of counsel is not sufficient, Telles's motion to recuse is procedurally invalid notwithstanding its substance.").

### B.    The Affidavit is Untimely

Assuming that the Affidavit had been signed by Plaintiff, it would still be untimely under section 144. Despite section 144's ten-day filing requirement, courts no longer apply a literal ten-day standard. Although the Fifth Circuit has not adopted a *per se* rule

on untimeliness under section 144, a "timely" affidavit "is one filed at the earliest moment after knowledge of the facts demonstrating the basis for the recusal." *Travelers Ins. Co.*, 38 F.3d at 1410. As courts have long held, the timeliness requirement is "[c]rucial to the integrity of the judicial process" and is intended to ensure that a party is not simply filing the motion on the basis of subsequent unfavorable rulings or treatment by the Court or to obtain a last minute delay of trial. *S.E.C. v. Loving Spirit Found. Inc.*, 392 F.3d 486, 492 (D.C. Cir. 2004). *See also Peckhman v. Ronrico Corp.*, 288 F.2d 841, 843 (1st Cir. 1961) ("It is enough to say that § 144 makes timely filing of affidavits of bias and prejudice of the essence for the obvious purpose of preventing their use as a device to obtain last minute postponements of trial and to prevent a litigant from sampling the temper of the court before deciding whether or not to file an affidavit of prejudice."); *Bishop v. United States*, 16 F.2d 410, 411 (8th Cir. 1926) ("It is the intent of the statute that the affidavit must be filed in time to protect [the parties] from useless costs, and protect the court in the disarrangement of its calendar, and prevent useless delay of trials.") *Chitimacha Tribe of La. v. Harry L. Laws Co.*, 690 F.2d 1157, 1165 n.3 (5th Cir. 1982) ("Lack of a timeliness requirement encourages speculation and converts the serious and laudatory business of insuring judicial fairness into a mere litigation strategy.") (citation and quotation marks omitted). If the affidavit is untimely, the burden is on the movant to show good cause for failure to file in time. *Texas Tech Univ. v. Spiegelberg*, No. CIV.A. 5:05-CV-0192, 2006 WL 3591606, at *1 (N.D. Tex. Dec. 11, 2006).

Here, each of the actions that serves as the basis of the Motion *occurred between 18 days and many months before* the Affidavit was filed. The record reflects that the motion and the Affidavit were filed 1) almost 2 ½ years after the case was filed and after the court had held numerous hearings in this matter, 2) *18 days after* the undersigned judge denied Plaintiff's motion to continue docket call and allegedly took the last actions the Affidavit asserts as evidence of "bias and lack of impartiality," and 3) at best, *less than 20 hours* before docket call. Under section 144, a party may not wait until hours before docket call to file an affidavit containing facts long known to him and then reap the benefits of delaying the trial.[1] Plaintiff offers no reason why the Affidavit could not have been filed previous to the morning of docket call nor is any reason apparent from the record in this case. Consequently, the Court finds that the affidavit was not filed at the "earliest moment" after Plaintiff had knowledge of the facts demonstrating the basis for the recusal and is, therefore, untimely. *See Travelers Ins. Co.*, 38 F.3d at 1410. The Court finds that the Motion should also be denied on this independent basis.

---

[1] This is especially true where, as here, the affidavit alleges, in part, judicial actions in support of the motion which occurred before the Court made an adverse ruling against him. *See, e.g., United States v. Sanford*, 157 F.3d 987, 988–89 (5th Cir. 1998) (explaining although there is no *per se* untimeliness, the "most egregious delay" occurs when a party knows of facts and circumstances that would arguably lead to disqualification of the judge but does not raise the issue of recusal until after the judge makes an adverse ruling against him). The affidavit asserts the following facts as evidence of bias and impartiality that occurred *before* the Court denied the Plaintiff's motion to continue the docket call 1) "throughout this litigation" the Court did not mandate that Defendant produce the discovery sought and 2) on July 16, 2018, the Court caused an unnecessary "drain" on Ms. Davis's time by denying Plaintiff's motion for summary judgment on all of his claims in this case without waiting for a response from the defendant.

### C. The Facts Set Forth in the Affidavit are Legally Insufficient to Warrant Recusal

Even if the Court were to ignore the Affidavit's deficiencies discussed above, the Motion should still be denied because the facts set forth in the Affidavit, if accepted as true, are legally insufficient to demonstrate actual bias warranting disqualification under section 144. In determining the legal sufficiency of an affidavit a court "may not pass on the truth of the matter alleged." *Henderson v. Dep't of Pub. Safety and Corr.*, 901 F.2d 1288, 1296 (5th Cir. 1990) (citation and internal quotations omitted). The court must accept the affidavit's factual allegations as true even if the judge knows them to be false. *Id.*

The Fifth Circuit has set forth a clear test to determine legal sufficiency. An affidavit is legally sufficient if it meets the following three part test: "(1) The facts must be material and stated with particularity; (2) The facts must be such that if true they would convince a reasonable [person] that a bias exists; and (3) The facts must show the bias is personal, as opposed to judicial, in nature." *Parrish v. Bd. of Comm'rs of Ala. State Bar*, 524 F.2d 98, 100 (5th Cir. 1975) (citation and quotations omitted). As the Supreme Court has emphasized, under section 144, "[t]he alleged bias and prejudice to be disqualifying must stem from an extrajudicial source." *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966). Judicial remarks "that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Likewise "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Id.* Only where

7 / 11

such remarks and rulings "reveal such a high degree of favoritism or antagonism as to make fair judgment impossible" should recusal be considered. *Id.*

Under section 144, the focus of a legal sufficiency analysis is on actual bias against a *party. See Henderson*, 901 F.2d at 1296. "Bias for or against an attorney, who is not a party, is not enough to require disqualification unless it can also be shown that such a controversy would demonstrate a bias for or against the party itself." *Id.* For bias to rise to the level that would require disqualification of the trial judge, the Fifth Circuit has stated that "it must be of a continuing and personal nature and not simply bias against the attorney or in favor of another attorney *because of his conduct.*" *Id* (emphasis added). Without this focus "[l]awyers once in controversy with a judge, would have a license under which a judge would serve at their will." *Davis*, 517 F.2d at 1050.

Here, the Affidavit primarily complains about the manner in which Ms. Davis has, in her eyes, been treated as an attorney before the Court. Once the Court sets aside Ms. Davis's personal opinions and conclusory statements and accepts the factual allegations as true, the Affidavit relies on the following to support recusal: during the hearing in which the Court denied Plaintiff's motion for continuance of the docket call, the undersigned 1) "admonished" Ms. Davis that the reason her appellate brief in another case was due on the docket call date was because she had not complied with the appellate rules to timely make payments for the court reporter's record, 2) told Ms. Davis that he had contacted another court to verify Ms. Davis's representation in the motion that she was set for trial in that court on the same day as docket call in this case, and 3) "accused" Ms. Davis of attempted *ex parte* contact with the Court regarding her untimely filings.

The affidavit also alleges that on July 16, 2018, the undersigned caused an unnecessary "drain" on Ms. Davis's time by denying Plaintiff's motion for summary judgment on the entire case before Defendant had responded and, despite Ms. Davis's requests throughout this litigation, the Court "has not mandated" that Defendant meet its discovery production obligations.[2]

As an initial matter, while it is unfortunate that Ms. Davis feels as she does, the Affidavit does not identify with the required degree of particularity any extrajudicial source of alleged bias against her. The Affidavit's conclusory allegations that the undersigned "has a personal bias against Plaintiff and his counsel or for Defendant and opposing counsel" are wholly insufficient on this point. The Affidavit reveals that the source of the alleged bias is not extrajudicial: it concerns Ms. Davis's conduct as an attorney and her representations to the Court in support of the motion for continuance. Likewise the Affidavit does not allege with particularity any extrajudicial source of alleged bias against Ms. Davis concerning the Court's discovery rulings. *See Litekys*, 510 U.S. at 555 (Such rulings by themselves "cannot possibly show reliance upon an extrajudicial source" and "can only in the rarest circumstances" serve as a factual basis for a motion to recuse when no extrajudicial source is alleged.)

The Affidavit also does not allege any facts explaining how the alleged personal bias against Ms. Davis, even if true, demonstrates a personal bias against Plaintiff. Nor can such facts be alleged in this case. Plaintiff has never appeared before the undersigned

---

[2] The affidavit fails to note, as reflected in the record, that the Court also denied Defendant's motion for summary judgment on the entire case on the same day without the benefit of Plaintiff's response.

and the Affidavit does not allege that the undersigned has ever made any disparaging comments about Plaintiff. The alleged remarks to Ms. Davis are neither "grossly inappropriate" nor "patently offensive" and cannot infer that the undersigned has such a hostile attitude towards Ms. Davis that he cannot be fair and impartial with respect to her client. *Andrade v. Chojnacki*, 338 F.3d 448, 462 (5th Cir. 2003) (citation and quotation marks omitted). *See also Panzardi-Alvarez*, 879 F.2d 975, 984 (1st Cir. 1989) ("As a general rule, bias against the party must be shown and it is insufficient to rely on clashes between the court and counsel as the basis of a disqualification motion. There are, however, some extreme cases in which the judge's attitude toward a party's attorney will be so hostile that it would be reasonable to conclude that the judge will be unable to remain impartial as to the client.") (internal citations and quotation marks omitted); *Telles v. United States*, No. EP-02-CA-0412-FM, 2005 WL 1388607, at *5 (W.D. Tex. June 1, 2005), *aff'd*, 202 F. App'x 686 (5th Cir. 2006); *Conklin v. Warrington Twshp.*, 476 F. Supp. 2d 458 (M.D. Pa. 2007) ("bias against an attorney may require disqualification . . . where the hostility is so virulent and of such magnitude that it prejudices the judge against the attorney's client") (internal quotation marks omitted). Plaintiff has not shown that the undersigned has displayed in his remarks or rulings "such a high degree of favoritism" to Defendant or its counsel or a "deep-seated and unequivocal antagonism" towards Plaintiff and his counsel as to render fair judgment impossible. *Liteky*, 510 U.S. at 556.

Accordingly the motion to recuse should be denied for all of these reasons as well.

### D. Motion Filed for Improper Purposes

Finally, in light of the clear deficiencies of the Affidavit noted above and the entire record, the Court finds that the motion to recuse was filed for the improper purpose of delaying this case for trial after the Court denied Plaintiff's motion for continuance and learned of Ms. Davis's misrepresentations to the Court contained in the motion. *See* Order Imposing Sanctions for Failure to Attend Docket Call.

### IV. CONCLUSION

The Court finds that Plaintiff has failed to submit a "timely and sufficient affidavit" as is required to support disqualification under 28 U.S.C. § 144. First, the affidavit submitted by his counsel of record does not comply with the statutory requirements of section 144 and is therefore deficient. Second, the Motion and supporting Affidavit were not timely filed at the "earliest moment." Third and finally, the factual allegations set forth in the Affidavit, even if true, are legally insufficient to support a finding that the Court has an actual extrajudicial bias or prejudice against Plaintiff. Viewing the entire record in this case, the Court can only conclude that the Motion was filed for the improper purpose of delay after the Court had denied Plaintiff's motion for continuance and learned of his counsel's misrepresentations in that motion. Accordingly, the Motion (#59) is DENIED.

SIGNED at Galveston, Texas, this 30th day of August, 2018.

_George C. Hanks Jr._
George C. Hanks Jr.
United States District Judge